UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SA CV 17-1489-DOC (DFMx)                    Date: November 13, 2017

Title: NANCY M. HORNER V. THE BANK OF NEW YORK MELLON, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING ACTION TO SUPERIOR COURT**

On August 29, 2017, Defendants Nationstar Mortgage LLC ("Nationstar") and The Bank of New York Mellon, as Trustee for Structured Asset Securities Corp. Mortgage Pass-Through Certificate Series 2005-16 ("BONY") (collectively, "Nationstar Defendants") removed the instant case to this Court ("Not. Rem.") (Dkt. 1). However, Nationstar Defendants' Notice of Removal and Response to the Court's Order to Show Cause ("OSC Resp.") (Dkt. 29) make clear the case was improperly removed and that the Court lacks subject matter jurisdiction. Accordingly, the Court REMANDS the case to the Superior Court of California, County of Orange.

## I.    Background

Plaintiff Nancy M. Horner ("Plaintiff") filed the instant action in The Superior Court of California, County of Orange, against BONY; Nationstar; The Wolf Law Firm ("Wolf"); and Aurora Loan Services, LLC ("Aurora"), alleging: (1) wrongful foreclosure; (2) quiet title; (3) cancellation of instruments; (4) slander of title; (5) violation of California's Homeowner Bill of Rights ("HBOR"); and (6) violation of California's Unfair Competition Law ("UCL"). *See* Complaint ("Compl.") (Dkt. 1-1) ¶¶ 17–60.

The gravamen of Plaintiff's Complaint is that BONY conducted a fraudulent foreclosure sale—through Wolf as trustee—of Plaintiff's property in 2016. *Id.* ¶¶ 15–16. Plaintiff claims that Aurora assigned the deed of trust for Plaintiff's property to Nationstar in 2012, but that Aurora then assigned the same deed of trust to BONY in 2015, despite having no authority to do so. *Id.* ¶¶ 10–12. Therefore, Plaintiff claims, BONY was not the rightful beneficiary of the deed of trust at the time BONY conducted the foreclosure sale. *Id.* ¶¶ 18–19.

Nationstar Defendants removed the action to this Court on August 29, 2017, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a), despite the fact that Plaintiff is a California citizen and Wolf and Aurora are California corporations.

On October 24, 2017, the Court issued an Order to Show Cause why this action should not be remanded for lack of subject matter jurisdiction (Dkt. 28). In their responsive filing, Nationstar Defendants argued that Wolf's citizenship should be ignored for the purposes of diversity jurisdiction because it has filed an unopposed Declaration of Nonmonetary Status pursuant to California Code Section 29241(a), and because it enjoys immunity as a trustee. *See* OSC Resp. at 2–3. Further, Nationstar Defendants argue that Aurora is a sham defendant fraudulently added to destroy diversity because Aurora is not involved in the disputed loan and because Plaintiff has not served Aurora with a summons and the Complaint. *Id.* at 3–6.

## II.     Legal Standard

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a). However, removal is proper despite the presence of a non-diverse defendant where that defendant is fraudulently joined as a sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Comp. Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

The "general presumption" is that the inclusion of a defendant residing in the same state as the plaintiff is not for the sole purpose of defeating diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted). The defendant must also show that, even if a plaintiff's claims do not meet the necessary pleading requirements at the time of removal, he "could not re-allege at least one of them to do so." *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *4 (N.D. Cal. Apr. 1, 2013). "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* Lastly, a fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton Materials, Inc.*, 494 F.3d at 1206.

## III.    Discussion

Nationstar Defendants argue that Wolf should be ignored for diversity purposes because it has filed an unopposed Declaration of Nonmonetary Status. OSC Resp. at 2–3.

Declaration of nonmonetary status under California Civil Code Section 2924 does not automatically render a defendant a fraudulently joined defendant.

> A defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive. A timely objection, or even facts which arise during discovery, are allowed to show the defendant was not entitled to nonmonetary status . . . . [E]ven if a defendant's nonmonetary status declaration remains unchallenged for the duration of the action, the defendant is bound by the nonmonetary terms of the judgment.

*Sublett v. NDEX W., LLC*, No. 11CV185-L WMC, 2011 WL 663745, at *2 (S.D. Cal. Feb. 14, 2011). As the *Sublett* court points out, a plaintiff may overcome a defendant's nonmonetary status through facts exposed in discovery, or at the minimum, bind that defendant to the judgment, thus excluding a finding that such defendant is a sham defendant based solely on its nonmonetary status. *Id.* A number of courts in this district have refused to give a party's nonmonetary status conclusive weight in determining jurisdiction. *See, e.g., Randall v. Wells Fargo Home Mortg.*, No. CV 15-03100-AB (JCX), 2015 WL 12819135, at *1 (C.D. Cal. June 16, 2015); *Day v. U.S. Bank, Nat'l Ass'n*, No. CV 15-2037 PA (ASx), 2015 WL 1383119, *3 (C.D. Cal. Mar. 24, 2015); *Castle v. Bank of America, N.A.*, No CV. 15-1657-GW (ASx), 2015 WL 1842726, *1

(C.D. Cal. April 20, 2015); *Fisk v. Specialized Loan Servicing LLC*, No. CV 14-4238-FMO (RZx), 2014 WL 3687312, *3 (C.D. Cal. 2014). Accordingly, Wolf's nonmonetary status does not mean that Plaintiff could not possibly recover against Wolf. *See Kruso*, 872 F.2d at 1426.

In fact, because Plaintiff may be able to state a claim against Wolf despite Wolf's nonmonetary status, Wolf is not a sham defendant. *See Sublett*, 2011 WL 663745, at *2 ("A timely objection, or even facts which arise during discovery, are allowed to show the defendant was not entitled to nonmonetary status . . . ."). Given that Plaintiff may discover facts to overcome Wolf's nonmonetary status through discovery, or at a minimum, bind Wolf to a judgment in this action, the Court finds that Wolf's non-monetary status is insufficient to render Wolf a sham defendant. *See Suelen v. Wells Fargo Bank, N.A.*, 2013 WL 1320697, at *4 (requiring a defendant to show that plaintiff cannot state a claim against a defendant, even after amending its complaint, in order to deem a defendant a sham defendant).

Next, Nationstar Defendants argue that Plaintiff's claims against Wolf are barred because Wolf enjoys immunity as a trustee. OSC Resp. at 3. Indeed, a trustee's actions related to the foreclosure filings and trustee's sale are generally privileged. *See* Cal. Civ. Code § 2924(d). This privilege bars claims arising out of the statutorily required mailing, publication, and delivery of notices in non-judicial foreclosure, and the performance of statutory non-judicial foreclosure procedures, absent a showing of malice. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008). To establish malice, a plaintiff must show that "the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication." *Id.* at 336.

Plaintiff specifically alleges that BONY and Wolf fraudulently held a foreclosure sale of the subject property despite Nationstar being the rightful beneficiary of the deed of trust. Compl. ¶¶ 18–19. Based on BONY and Wolf's alleged fraudulent acts, Plaintiff alleges that the subsequent Notice of Default, Assignment, and Trustee's deed are false and fraudulent, thus requiring cancellation of such instruments. *Id.* ¶¶ 33–34. Courts have found similar allegations sufficient to find that a defendant is not a sham defendant based on qualified immunity under Civil Code section 2924. *See, e.g.*, *Moore v. Wells Fargo Bank*, No. 2:16-566 WBS CKD, 2016 WL 3091087, at *7 (E.D. Cal. June 2, 2016) (finding plaintiff's allegations that a trustee was "willful, oppressive, and malicious" sufficient to find that the trustee was not immune, and granting remand); *Natividad v. Ocwen Loan Servicing, LLC*, No. 2:14-CV-01670-MCE, 2014 WL 6611054, at *3 (E.D. Cal. Nov. 19, 2014) (holding that a trustee's joinder was not fraudulent where plaintiff alleged that the trustee acted knowingly and "with oppression, fraud and malice" toward

plaintiff); *Smith v. Quality Loan Serv. Corp.*, Civ. No. S-11-2108 KJM EFB, 2012 WL 202055, at *3 (E.D. Cal. Jan. 23, 2012) (finding that plaintiff's allegation that the trustee acted "fraudulently" was sufficient to overcome the qualified immunity privilege and to preclude the conclusion that the trustee was fraudulently joined). Because Plaintiff may overcome Wolf's qualified immunity based on malice, the Court finds that Wolf is not a sham defendant. *See Suelen v. Wells Fargo Bank, N.A.*, 2013 WL 1320697, at *4 (requiring a defendant to show that plaintiff cannot state a claim against a defendant, even after amending his or her complaint, in order to deem a defendant a sham defendant).

Accordingly, Nationstar Defendants have failed to carry their heavy burden of showing that Wolf is a sham defendant. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). Therefore, Wolf destroys diversity, because Wolf is a California corporation and Plaintiff is a citizen of California. *See* Not. Rem. ¶¶ 5, 8; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction . . . .").

Given the Court's finding that Wolf destroys diversity, the Court does not reach Nationstar Defendant's argument that Aurora is a sham defendant.

### IV. Disposition

For the foregoing reasons, the Court REMANDS this action to the Superior Court of California, County of Orange, Case No. 30-2017-00920620-CU-OR-CJC.

The Clerk shall serve this minute order on the parties.